Peter H. Klee, State Bar No. 111707
Email: pklee@luce.com
Nathan S. Arrington, State Bar No. 125698
Email: narrington@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.645.5389

Attorneys for Defendant Allstate Insurance Company

Michael B. Horrow (SBN 162917)
Anne McWilliams (SBN 129264)
DONAHUE & HORROW
1960 E. Grand Ave., Suite 1215
El Segundo, CA 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
mhorrow@donahuehorrow.com
amcwilliams@donahuehorrow.com

Attorneys for Plaintiffs Takashi Nakamura and Toshiko Nakamura

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKASHI NAKAMURA and TOSHIKO NAKAMURA, <br><br>     Plaintiffs <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY and DOES 1 through 100, inclusive, <br><br>     Defendant. | Case No. cv-11-02126-RGK(JEMx) <br><br> The Hon. R. Gary Klausner <br> Courtroom 850 <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND [~~PROPOSED~~] ORDER** <br><br> Complaint Filed: February 17, 2011 <br> Trial Date: March 6, 2012 |

WHEREAS, defendant Allstate Insurance Company has in its possession DOCUMENTS,[1] including but not limited to claim handling and underwriting manuals, which it contends contains confidential and/or proprietary information, that have been requested in discovery during the course of this litigation; and

WHEREAS, the parties to this action desire to avoid controversy regarding the potential disclosure of said DOCUMENTS;

WHEREAS GOOD CAUSE EXISTS to protect said DOCUMENTS because they contain confidential and/or proprietary information that if disclosed outside the context of this litigated matter would unduly prejudice Allstate not only because they could be improperly used against it in other litigated matters but also because competitors could appropriate Allstate's proprietary information for their own use and/or to Allstate's detriment in the competitive marketplace.

THUS, IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective counsel of record that:

1.      Allstate will make available for inspection and copying confidential and/or proprietary DOCUMENTS:

    1.1   The non-privileged portions of the Claim Policy Practices Procedures Manual, dated October 17, 2003, with revisions, and privilege log;

    1.2   Allstate 1992 Homeowner Manual;

    1.3   Storm Issues (Z082709) (9/03/09);

    1.4   Storm Issues (Z082709) (9/05/09);

    1.5   Storm Issues (Z082709) (9/05/09);

    1.6   Storm Issues (Z082709) (9/05/09);

    1.7   Staff Operational Guide (05/19/09);

    1.8   Staff Operational Guide (05/19/09);

---

[1] "DOCUMENTS" means "Writing" defined in Federal Rules of Evidence Rule 1001.

| | | |
|---|---|---|
| 1.9 | Staff Operational Guide (05/19/09); |
| 1.10 | Staff Operational Guide (10/22/09); |
| 1.11 | Staff Operational Guide (02/25/10); |
| 1.12 | Staff Operational Guide (05/05/10); |
| 1.13 | Staff Operational Guide (05/05/10); |
| 1.14 | Staff Operational Guide (05/27/10); |
| 1.15 | Staff Operational Guide (09/01/10); |
| 1.16 | Staff Operational Guide (09/01/10); |
| 1.17 | Staff Operational Guide (10/22/10); |
| 1.18 | Staff Operational Guide (10/22/10); |
| 1.18 | Staff Operational Guide (01/11/11); |
| 1.19 | State Issues California (8/19/09); |
| 1.20 | State Issues California (10/21/09); |
| 1.21 | State Issues California (01/14/10); |
| 1.22 | State Issues California (02/22/10); |
| 1.23 | State Issues California (03/22/10); |
| 1.24 | State Issues California (03/30/10); |
| 1.25 | State Issues California (04/22/10); |
| 1.26 | State Issues California (04/29/10); |
| 1.27 | State Issues California (06/16/10); |
| 1.28 | State Issues California (08/24/10); |
| 1.28 | State Issues California (09/10/10); |
| 1.29 | State Issues California (12/12/10); |
| 1.30 | State Issues California (01/11/11); |
| 1.31 | State Issues California (02/16/11). |
| 1.32 | California Homeowner Modern Marketing Guides 1995; |
| 1.33 | California Homeowner MMGs – Line 70 (10/15/01); |
| 1.34 | Homeowners Manual Rules Pre 5/13/02; |

1.35  Homeowners Manual Rules 5/13/02;

1.36  California Homeowners RMP – Line 70 10/15/02;

1.37  California Homeowners RMP – Line 70 3/3/03;

1.38  California Risk Management Policy New Business (6/16/03);

1.39  California Risk Management Policy New Business (7/1/03);

1.40  Homeowners Manual Rules (7/8/03);

1.41  Deluxe Plus Homeowners Manual (7/8/03);

1.42  California Risk Management Policy New Business (2/1/06);

1.43  California Risk Management Policy New Business (7/1/07);

1.44  California Homeowner Rules (7/30/08);

1.45  California Homeowner Rules (2/10/09);

1.46  California Homeowner Rules (8/31/09);

1.47  California Homeowners RMP – Line 70 8/1999

2.      Unless agreed to in writing by Allstate's counsel or otherwise ordered by the court, the DOCUMENTS and all information derived therefrom, shall be used only in connection with, in preparation for and/or trial of this action Takashi Nakamura and Toshiko Nakamura v. Allstate Insurance Company, United States District Court, Central District of California, Case No. 2:11-cv-11-02126-RGK (JEMx), and shall not be used for any other purpose whatsoever.

3.      By producing the DOCUMENTS, Allstate does not waive any objection to its admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

4.      By designating the DOCUMENTS as "Confidential" under the terms of this agreement, the party so designating shall be deemed to thereby certify to the court and all other parties that there is a good faith basis for the designation.

5.      The DOCUMENTS shall be treated as follows:

a.      The DOCUMENTS and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for plaintiffs Takashi Nakamura and Toshiko Nakamura *only* to the following:

(1)   Plaintiffs;

(2)   Counsel of record for plaintiffs, and all attorneys, paralegals, stenographic and clerical employees of such counsel who work under the direct supervision of such counsel;

(3)   Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this action but only to the extent such persons need such confidential information for that preparation;

(4)   Allstate or Pilot personnel and percipient witnesses that are noticed for deposition in this case;

(5)   The court and court personnel; and

(6)   Any other person under such terms as may be agreed by the parties in writing or as the court may hereafter order.

b.      Any person identified in (1) through (4) above, to whom disclosure of the DOCUMENTS are made, shall be advised of this Stipulation and Confidentiality Agreement and, before disclosure is made, shall sign a document manifesting that he or she agrees to be bound by the Stipulation and Confidentiality Agreement's terms (a copy of which is attached hereto as Exhibit A), thus indicating that he or she agrees to abide by its terms and to be subject to the jurisdiction of this court for purposes of enforcement of this Stipulation and Confidentiality Agreement. If the DOCUMENTS are presented to any person who is not a consultant, counsel for Allstate shall be provided immediately with a copy of the Stipulation and Confidentiality Agreement (or Exhibit A) bearing the signature of any such person before the DOCUMENTS is disclosed to such person. If the DOCUMENTS are

1   provided to consultants hired by plaintiff, such consultants shall sign a copy of the

2   Stipulation and Confidentiality Agreement (i.e., Exhibit A) and shall provide it to

3   Allstate at the time experts are designated in this case.  Plaintiff shall keep a list with

4   the name of each consultant hired by plaintiff who has signed a copy of the Stipulation

5   and Confidentiality Agreement.  If Allstate has reason to believe that the confidential

6   information given to the consultant by plaintiff is being used outside the scope of this

7   litigation, at that time, Allstate will move the court, in accordance with the Federal

8   Rules of Civil Procedure and any applicable Local Rules, including but not limited to

9   Local Rule 37, to take appropriate measures.  Plaintiffs will be given an opportunity to

10   respond.

11       6.    Any party wishing to attach a DOCUMENT as an exhibit to any

12   deposition in this action shall inform the court reporter or transcriber who reports or

13   transcribes testimony about this Stipulation and Confidentiality Agreement before

14   the beginning of the deposition.  Portions of deposition transcripts marked

15   "CONFIDENTIAL" shall be treated as if they were the DOCUMENTS.

16       7.    In the event the DOCUMENTS and portions of transcripts designated

17   as "confidential," either by agreement among counsel or by order of the court, are

18   deposited with the court, they shall be filed in accordance with Rule 26(c) of the

19   Federal Rules of Civil Procedure and Local Rule 79-5.

20       8.    Similarly, in the event that the DOCUMENTS or portions of transcripts

21   designated as "confidential" are submitted to the Court or used in connection with

22   any filing or proceeding in this action, the party seeking to submit such

23   DOCUMENTS shall follow the procedures outlined in Local Rule 79-5.1, et seq.  If

24   any DOCUMENT designated as confidential is admitted at trial, it will no longer be

25   deemed confidential unless the requirements of Local Rule 79-5.3 are met or the

26   court so orders.

27

28

1    9.    During trial the Court may determine whether the fact that a

2  DOCUMENTS are or has been designated as confidential shall be admissible during

3  the trial of this action.

4    10.    Upon final determination of this action, whether by judgment,

5  settlement or otherwise, including all appeals:

6    a.    Plaintiff's counsel of record and any other person who has

7  received DOCUMENTS designated as confidential shall assemble and return to

8  Allstate's counsel all DOCUMENTS so produced, along with all copies, extracts,

9  summaries and compilations thereof (except materials constituting the work product

10  of any counsel which shall be kept confidential thereafter).

11    b.    Counsel of record will continue to protect the confidentiality of

12  information contained in work product DOCUMENTS retained under (a) above; and

13    c.    The clerk of the court shall be requested to return to the

14  disclosing parties all confidential DOCUMENTS, which have been filed with the

15  court in accordance with Local Rule 79-5.1, et seq., or as the court otherwise directs.

16    11.    The parties agree that they will exercise due diligence in redacting

17  personal identifiers, such as social security numbers, bank account numbers and

18  bank account transactions, as required under Local Rule 79-5.4, before filing any

19  such document in this case.  If such information is inadvertently filed in an

20  unredacted form, that party that inadvertently filed it agrees to take prompt

21  reasonable steps to have the information redacted.

22    12.    The execution of this Stipulation and Confidentiality Agreement shall

23  not preclude any party from moving the court for protective orders in the course of

24  this litigation.

25    13.    This Stipulation and Confidentiality Agreement is subject to

26  amendment and modification by further written stipulation among counsel of record

27  in this action or by order of the court.

28    The parties to this agreement may exercise any rights they may have, at law or in

1  equity, to enforce its terms.

2      To the extent any provision of this Stipulation and Confidentiality Agreement

3  conflicts with the Federal Rules of Civil Procedure or this court's Local Rules,

4  including but not limited to Local Rule 79-5.1, et seq., that provision shall be severed

5  and the applicable Rule shall control, but the remaining provisions shall, in any event,

6  remain effective and binding.

7      **IT IS SO STIPULATED.**

8  DATED:  December __ 2011   LUCE, FORWARD, HAMILTON & SCRIPPS LLP

9

10                 By: /s Nathan S. Arrington
                       Nathan S. Arrington
11                     Attorneys for Defendant
                       Allstate Insurance Company
12

13  DATED:  December __ 2011   DONAHUE & HORROW

14

15                 By: /s Michael B. Horrow
                       Michael B. Horrow
16                     Attorneys for Plaintiffs
                       Takashi Namamura and Toshiko Nakamura
17

18                        **ORDER**

19  Based upon the stipulation of the parties set forth above, and good cause appearing,
    **IT IS SO ORDERED**.
20

21  DATED:  December 22, 2011   _        */s/John E. McDermott*
                                          Honorable John E. McDermott
22                                        United States Magistrate Judge

23

24

25

26

27

28

1

2                                              <u>EXHIBIT A</u>

3          I hereby acknowledge that I have received and read a copy of the Stipulation and

4    Confidentiality Agreement in the action entitled <u>Nakamura and Toshiko Nakamura v.</u>

5    <u>Allstate Insurance Company</u>, United States District Court, Central District of

6    California, Case No. 2:11-cv-11-02126-RGK (JEMx).  I agree to be bound by the

7    provisions of that Stipulation and Confidentiality Agreement with respect to any

8    confidential material disclosed to me, and I specifically agree that I will not

9    communicate, reveal, or use any confidential material except in accordance with the

10   terms of the Stipulation and Confidentiality Agreement.  I further agree to return any

11   confidential material provided to me and all copies thereof to the party or counsel who

12   provide such confidential material to me.

13         I hereby submit to the jurisdiction of the United States District Court, Central

14   District of California, for all purposes relating to the enforcement of the provisions of

15   the Stipulation and Confidentiality Agreement.

16         I declare under penalty of perjury that the foregoing is true and correct.

17         Executed this ___ day of _____ 201__ at_____ [city,

18   state].

19   _____

20   Print name

21   _____

22   Signature

23

24   101723008.3

25

26

27

28